UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TASHA STEVENSON, WIFE OF/AND DICKSON OGBOMAH | CIVIL ACTION |
| VERSUS | NO: 06-7191 |
| AAA AUTO CLUB FAMILY INSURANCE COMPANY | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand is **GRANTED.** (Doc. #9).

## BACKGROUND

Plaintiffs, Tasha and Dickson Ogbomah, brought this action seeking compensation from defendant, AAA Auto Club Family Insurance Company, as a result of property damages sustained during Hurricane Katrina. The case was originally filed in the 22nd Judicial District Court for the Parish of St. Tammany. Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332. Alternatively, defendant avers that this court has supplemental jurisdiction over the case under 28 U.S.C. § 1441E(1)(B), because this matter arises out of the same "accident" as a case that has been brought under the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA"), 28 U.S.C. § 1369, in which the defendant is a

party. The "accident" defendant refers to is Hurricane Katrina.

Plaintiffs contend that the case should be remanded because (1) this court does not have diversity jurisdiction over the matter because the amount in controversy does not exceed $75,000, and (2) this court does not have supplemental jurisdiction because Hurricane Katrina is not an "accident" within the meaning of 28 U.S.C. § 1369.

## DISCUSSION

A defendant may remove a civil action filed in state court if the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th cir. 1995). In assessing whether removal was appropriate, the court is guided by the principal, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

**A.     Amount in Controversy.**

Plaintiffs argue that this case should be remanded because there amount in controversy does not exceed $75,000.00. In support of this contention, plaintiffs have submitted post-removal affidavits in which they testify that the value of their claims are approximately $19,000.00 based on quotes received from contractors, and that they renounce "the right to enforce any judgment in any amount greater than seventy-five thousand dollars ($75,000.00), including penalties and attorney's fees, but excluding legal interest and court costs."

In Louisiana state courts, plaintiffs are not allowed to plead a specific amount of money

damages. The Fifth Circuit has held that when a case in which the plaintiff has alleged an indeterminate amount of damages is removed, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999). This burden is satisfied by the defendant either showing that it is facially apparent that the plaintiffs' claims exceed the jurisdictional amount, or by presenting facts supporting a finding that the jurisdictional amount is satisfied. *Allen,* 63 F.3d at 1335. When the "facially apparent" test is not met, the court may consider summary judgment type evidence relevant to the amount in controversy as of the time of removal. *Id.* at 1336.

If the defendant meets its burden, the plaintiff can defeat removal only establishing with legal certainty that the claims do not exceed $75,000. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995). The court may consider post-removal affidavits or stipulations only in limited circumstances to determine the amount in controversy as of the date of removal. *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000).

Because it is not facially apparent that the plaintiffs' claims exceed the jurisdictional amount, the court may consider summary judgment type evidence. Plaintiffs' affidavits that the value of the claims is approximately $19,000.00, and their renunciation of any amount greater than $75,000.00, leads to the conclusion that the jurisdictional amount is not present.

**B.    Supplemental Jurisdiction Under the MMTJA.**

The MMTJA provides for supplemental jurisdiction, allowing removal of a case by the defendant when that defendant is a party to an action that is, or could have been brought, in whole or in part, under 28 U.S.C. § 1369, and the action in federal court arises from the same

action as the "accident" in state court, even if the action to be removed could not have been brought in the federal court as an original matter.  28 U.S.C. § 1441(e)(1)(B).

Defendant contends that it has met this standard because it is currently a party to a case already before this court, which was brought by the plaintiffs in part under 28 U.S.C. § 1369.  According to defendant, the "accident" in that case is Hurricane Katrina and/or flooding that occurred following the hurricane.

This court has repeatedly refused to recognize jurisdiction under 28 U.S.C. § 1369 in cases stemming from Hurricane Katrina because Hurricane Katrina is not an "accident" within the meaning of the statute.  *See, e.g., Southern Athletic Club, LLC v. The Hanover Ins. Co.,* 06-2605 (E.D. La. 9/06/06).  Therefore, there is no supplemental jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to remand is granted.

New Orleans, Louisiana, this  7th  day of December, 2006.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

4